[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 9, 2005
THOMAS K. KAHN
CLERK

No. 05-12219
Non-Argument Calendar

_____

D. C. Docket No. 04-20133-CV-JAL

SHARON ALLEN,

                                                    Plaintiff-Appellant,

versus

UNITED STATES POSTMASTER GENERAL,
John E. Potter,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2005)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Sharon Allen appeals, *pro se*, the entry of summary judgment in

favor of John Potter, the Postmaster General of the United States Postal Service ("the Service"), on her claims of violations of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. She alleges that the Service transferred her to an overnight shift at a different facility out of discrimination for her disability and retaliation for her EEO activity. Allen argues that the district court erred in finding that she failed to establish a *prima facie* case of disability or retaliatory discrimination.

We review "a grant of summary judgment *de novo*, using the same legal standard as the district court." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S. Ct. at 1356. The non-moving party must make a sufficient showing on each essential element of the

case for which he has the burden of proof. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

*Disability Discrimination*

Allen argues that the district court erred in granting the Services's motion for summary judgment on her discrimination claim. She claims she was disabled despite her ability to perform household chores and her doctor's estimation that her disability was only three percent of her body. To establish a *prima facie* case of discrimination under the Rehabilitation Act, Allen must show that she was: (1) disabled or perceived to be disabled; (2) a qualified individual; and (3) discriminated against on the basis of her disability. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir.), *cert. denied*, 540 U.S. 982 (2003).

To qualify as disabled, Allen must show that she has an impairment that substantially limits a major life activity. *Toyota Motor Mfg. Ky., v. Williams*, 534 U.S. 184, 194-95, 122 S. Ct. 681, 690, 151 L. Ed. 2d 615 (2002). Under the federal regulations, an individual is "disabled" if she (1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has a record of such an impairment; or (3) is regarded by her employer as having such an impairment. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) (citing 42 U.S.C. § 12102(2) and 34 C.F.R. § 104.3(j)(1)).

Although the ADA does not explicitly define the term "major life activity," we are guided by EEOC regulations. *See Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1327 n.1 (11th Cir. 1998). Under these regulations, working and walking are examples of major life activities. 29 C.F.R. § 1630.2(i). The issue presented here, therefore, is whether Allen is substantially limited in at least one of these activities. In general, "substantially limits" means the inability to perform a major life activity as compared to the average person in the general population or a significant restriction "as to the condition, manner or duration under which an individual can perform" the particular activity. *See Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999) (quoting 29 C.F.R. §§ 1630.2(j)(1)(i), (ii)). An individual has not shown that his or her ability is substantially limited if his or her functioning is only "moderately below average." *Rossbach v. City of Miami*, 371 F.3d 1354, 1358 (11th Cir. 2004).

For a condition to limit substantially a person's ability to work, the condition must restrict the person's ability to perform either "a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skill, and abilities." 29 C.F.R. § 1630.2(j)(3)(i). A person's inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. 29 C.F.R. § 1630.2(j)(3)(i); *see also Hilburn*, 181

4

F.3d at 1227. This is so even if it is the individual's job of choice. *Cash*, 231 F.3d at 1306.

After reviewing the record, we conclude that the district court was correct in its conclusion that Allen was not "disabled" within the meaning of the Rehabilitation Act. Though the evidence shows Allen is unable to function as a letter carrier, her inability to perform this particular job does not constitute a substantial limitation on her ability to work. There is no evidence in the record which establishes that Allen's impairment significantly restricted her ability to perform a broad range of jobs in various classes. Moreover, although Allen's foot injuries prevent her from walking long distances without rests on account of pain, the record does not demonstrate that she was substantially limited in the major life activity of walking. She testified that she can still go to the grocery store, load groceries, care for herself and her children, and do other household chores such as laundry. Her doctor noted she could even walk eight hours a day and that her disability was limited to only three percent of her whole body. At best, the nature and severity of her walking and standing impairments seemed only "moderately below average," and there was no evidence that her problems walking and standing were any worse than suffered by many aging adults. Furthermore, as the position of letter carrier is not a broad class of jobs, Allen has not put forth evidence that the

Service regarded her as disabled. Consequently, we agree with the district court's finding that Allen is not disabled under the Rehabilitation Act.

*Retaliation*

Allen argues that the district court erred in granting summary judgment on her retaliation claim. She claims that the Service transferred her to retaliate against her for filing prior EEO actions. The Rehabilitation Act prohibits retaliation in employment against disabled persons by the federal government, including the Service. *See* 29 U.S.C. §§ 791, 794. The anti-retaliation provision of the Act, which incorporates § 12203(a) of the ADA, provides "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act." 29 U.S.C. § 794(a), (d), 42 U.S.C. § 12203(a).

To establish a *prima facie* case of retaliation, the plaintiff must show that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was some causal relationship between the two events. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (Title VII context). "An adverse employment action is an ultimate decision such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment

6

opportunities, or adversely affects his or her status as an employee.'" *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (Title VII context). A transfer that is found to be "purely voluntary" cannot be considered adverse. *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1454 (11th Cir. 1998). "To establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct' and 'that the protected activity and the adverse employment action were not wholly unrelated.'" *Gupta,* 212 F.3d at 590 (internal citations omitted). "Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated." *Bass v. Bd. of County Comm'rs,* 256 F.3d 1095, 11119 (11th Cir. 2001) (citation omitted). However, a lapse in time of several months, in the absence of other evidence tending to show causation, is insufficient. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Once the employee establishes a *prima facie* case of retaliation, the burden switches to the employer to articulate a nondiscriminatory or non-retaliatory reason for its treatment of the employee. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (Title VII context). If the employer presents a legitimate explanation for its actions, the burden then returns to the employee to show that the explanation is pretextual. *Id.*

After reviewing the record, we conclude that the district court correctly

determined that Allen could not establish a *prima facie* case of retaliation.  While Allen's EEOC complaint was a statutorily protected expression, there is no evidence in the record showing that she suffered an adverse employment action.  Allen's transfer was not an adverse employment action because she repeatedly requested a transfer to the clerk craft.  Though loss of seniority may qualify as a loss of a privilege of employment, she recognized that if she was transferred to a different craft, as she requested, she would lose her seniority as a letter carrier.  Her pay, level, and grade remained the same.  Thus, Allen can only complain of a change in shift and having to drive farther to work, which are not adverse employment actions.  Further, even if Allen suffered adverse employment actions, her claims still would fail because she failed to prove a causal link between her EEOC complaint and the actions.  Brown may have become aware of Allen's action three months before her transfer.  However, such a lapse in time alone is insufficient to establish a *prima facie* case of retaliation.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**