WYNN, Circuit Judge,
concurring in part and dissenting in part:
I join in Parts I and II of the majority opinion. However, I cannot join, in Part III, which holds that Susquehanna Bank’s interest in Restivo Auto Body’s land is protected by equitable conversion. I would reverse the district court and hold that Susquehanna Bank has no interest sufficient to defeat the IRS’s tax lien on the land. Accordingly, I respectfully dissent.
I.
As the majority recognizes, the priority of federal tax liens is governed by federal law. Supra at 172 (citing Aquilino v. United States, 363 U.S. 509, 513-14, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (19060)). Federal law makes it clear that Restivo Auto Body did not have an unencumbered title to which it could give Susquehanna Bank an interest.
' Specifically, under the Internal Revenue Code, the type of tax lien at issue here “shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied[.]” 26 U.S.C. Section 6322 (emphasis added). This Court has held that for such a lien to become “valid and effective ... notice, filing or recording are not required.” United States v. Bond, 279 F.2d 837, 841 (4th Cir.1960).
Here, no one disputes that the IRS assessed the tax deficiencies on September 20, 2004. From that date forward, then, the property was encumbered by the IRS tax lien. And it would be over three months before Susquehanna Bank even entered the picture. Despite what the majority argues in its footnote at supra at 179, this is precisely the point. The majority applies state law to determine the priority of the IRS’s tax lien to the property. It does so by blurring the line between the IRS and a judgment creditor and between a tax lien and a judgment lien without citing any precedent that allows it to do so. See supra at 177 (“We agree with the district court that Section 6323(h)(1)(A) incorporates Maryland law insofar as it protects equitable security interests against subsequent judgment-creditor liens” (this begs the question as to what the “subsequent judgment-creditor lien” is if not the tax lien)); supra at 178 (“The recordation statutes protect only bona fide purchasers.... And Maryland law is clear that ‘a judgment creditor is not in the position of a bona fide purchaser.’ ” (again, who is the “judgment creditor” if not the IRS?)).
Based on this blurred understanding, it then applies Maryland equitable principles to declare that Susquehanna Bank’s inter *183 est is superior to a subsequent judgment lien. While the majority may be right in its interpretation of Maryland’s equitable principles, it is wrong in applying them to this case. There is no judgment lien here. There is a tax lien. And its priority in this scheme is determined solely by federal law.
This Court has made it clear that filing is not necessary for a tax lien to become .effective, Bond, 279 F.2d at 841, and the majority does not claim to be overturning this binding precedent. Therefore the IRS’s tax lien was “valid and effective” as of September 20, 2004, well before Susquehanna Bank had any security interest. In fact, in Ruggerio v. United States, 158 Fed.Appx. 242 (4th Cir.2005) (unpublished), another panel of this Court analyzed Maryland’s equitable conversion principle as it related to granting priority to a mortgage holder over a federal tax lien. In that case, this Court stated that:
We have noted that “the Maryland law is that legal title to land does not pass until a deed is properly executed and recorded, and ... until this is done a vendee’s equity in property is subject to destruction by a conveyance of the legal title to a bona fide purchaser without notice.” Hence, under Maryland law, Ruggerio’s [the mortgage holder] interest in the Property would be invalid against subsequent purchasers without notice. Because Ruggerio’s interest in the Property was subject to destruction under Maryland law by subsequent purchasers without actual notice, he did not qualify as a “purchaser” under Section 6323(b) of the IRC before April 7, 2003 [the date IRS gave notice of its tax lien]. Thus, the federal tax liens on the Property remain valid against Ruggerio.
Id. at 244-45 (citations omitted). Further, the Court in Ruggerio added in a footnote, “To the extent that Ruggerio may have achieved ‘purchaser’ status after April 7, 2003, the federal tax liens on the Property remain valid against him based on the antecedent filing of tax notices.” Id. at 245 fn (citing 26 U.S.C. Section 6323(a)). It thus held that the mortgage holder did not have priority over the federal tax lien, even though notice was given after the mortgage was conveyed.
As the majority opinion notes, Maryland’s equitable conversion doctrine protects “a land purchaser’s equitable title” as “superior to any judgment lien subsequently obtained against the seller.” Supra at 178 (citing Watson v. Watson, 304 Md. 48, 497 A.2d 794, 800 (1985)) (emphasis added).* But the IRS’s interest here predates that of Susquehanna Bank. The IRS filed notice of its lien subsequent to Susquehanna Bank’s loan-but the interest itself arose and became protected at an earlier date. It therefore was not a subsequent lien. And because the IRS’s interest is not a subsequent lien, the principles the - majority cites about protecting purchasers or other interest holders against “subsequent judgment liens” are beside the point.
II.
This case should be governed by the priority principle of “first in time is first in right.” United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Here, the IRS’s interest in the property attached on September 20, 2004. *184 The earliest possible date, even under equitable theories, that Susquehanna Bank’s interest could have attached is January 4, 2005. The IRS therefore had an interest in the land a full 106 days prior to Susquehanna Bank’s earliest potential date of possessing an interest. It thus has the first right to the land to fulfill Restivo Auto Body’s tax obligations. Accordingly, I respectfully dissent as to Part III and the final judgment.

The Appellee’s brief before this Court barely addresses this alternative holding of the district court. In fact, their brief only discusses the concept of "equitable conversion” by quoting from Stebbins-Anderson Co. v. Bolton, 208 Md. 183, 187-88, 117 A.2d 908 (1955), to support their argument for application of Maryland’s relation back principle, which this Court rejects in Part II of the majority’s opinion.